**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michelle Frazier, Individually and as Personal Representative of Estate of Barbara Frazier, Appellant,

v.

Orangeburg Post-Acute, LLC dba Edisto Post-Acute fka Riverside Rehabilitation and Health Center LLC, Providence Group, Inc., Providence Administrative Consulting Services, Inc., Halcyon Rehab, LLC, HMS Purchasing LLC, Apricity Resources, LLC, OHI Asset (SC) Orangeburg, LLC, Defendants,

Of which Halcyon Rehab, LLC, is the Respondent.

Appellate Case No. 2023-000479

———

Appeal from Orangeburg County
Maite Murphy, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-304
Heard June 10, 2026 – Filed June 24, 2026

———

**AFFIRMED**

———

Ayesha Tonette Washington, of The Washington Law Firm, LLC, of Charleston, for Appellant.

R. Hawthorne Barrett, of Turner Padget Graham & Laney, PA, of Columbia, and Kelli Lister Sullivan, of Medical Protective, of Elgin, for Respondent.

---

**PER CURIAM:**   Appellant Michelle Frazier filed a notice of intent to file suit pursuant to section 15-79-125(A) of the Medical Malpractice Act (Supp. 2025). Attached to Appellant's notice of intent to file suit was an expert affidavit detailing the alleged negligent behavior of an entity other than Respondent Halcyon Rehab, LLC.  Halcyon Rehab filed a motion to dismiss the notice of intent to file suit on the ground that Appellant failed to comply with the expert affidavit requirement under the Medical Malpractice Act.  The circuit court granted the motion and dismissed the notice of intent to file suit, reasoning that Appellant failed to follow presuit procedures with regard to Halcyon Rehab—i.e., submitting an expert affidavit alleging at least one act of negligence by Halcyon Rehab and engaging in presuit mediation.  This appeal followed.

The Medical Malpractice Act requires that a party seeking to bring a civil action alleging injury or death as a result of medical malpractice first file a notice of intent to file suit and an affidavit of an expert witness specifying the negligent act or omission that exists and that "[w]ithin ninety days and no later than one hundred twenty days from the service of the [n]otice of [i]ntent to [f]ile [s]uit, the parties shall participate in a mediation conference."  S.C. Code Ann. § 15-79-125(A), (C) (Supp. 2025).

Appellant argues that its claim against Halcyon Rehab does not sound in medical malpractice and, as a consequence, no presuit affidavit against Halcyon Rehab is required.  However, Appellant brought the notice of intent to file suit under the Medical Malpractice Act; thus, in order for the notice of intent to file suit to survive dismissal, the notice must meet the presuit requirements set forth in the Medical Malpractice Act.

Regardless of whether Appellant's claims sound in medical malpractice or ordinary negligence, the notice of intent to file suit did not comply with the presuit requirements. Appellant's expert affidavit did not describe any negligent act by Halcyon Rehab and Appellant did not engage in presuit mediation.  Appellant has not identified why, under these circumstances, it was error for the circuit court to dismiss the presuit notice as to Halcyon Rehab.  Accordingly, the circuit court's order dismissing the notice of intent to file suit is

**AFFIRMED.**

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**